W. Kent Fletcher
FLETCHER LAW OFFICE
1200 Overland Avenue
P.O. Box 248
Burley, Idaho 83318-0248
(208) 678-3250
(208) 878-2548 - fax
Email: wkf@pmt.org
ISB No. 2248
Attorney for **Creditor, Scott Spevak**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

---

| | | |
|---|---|---|
| In Re: | ) | Case No.   18-40568-JMM |
| | ) | |
| BRUCE CLEVERLEY AND CINDY CLEVERLEY, | ) ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) ) | |

---

**MOTION FOR RELIEF FROM STAY AND NOTICE**

W. Kent Fletcher on behalf of Creditor and real property owner Scott Spevak (Spevak) moves the Court pursuant to Bankruptcy Code § 362(d) (11 U.S.C. § 362(d)(1), Rules 4001 and 914 of the Federal Rules of Bankruptcy Procedure and Rule 4001.2 of the Local Bankruptcy Rules for an Order granting relief to Spevak from the automatic stay of 11 U.S.C. § 362(a) by annulling, modifying, or otherwise terminating said automatic stay with respect to the real property owned by Spevak described

MOTION FOR RELIEF FROM STAY AND NOTICE  - Page 1

below. This Motion is made and based upon the following facts:

1. The real property that is the subject matter of this Motion is that real property owned by Spevak described as follows:

> TOWNSHIP 10 SOUTH, RANGE 24 EAST, BOISE MERIDIAN, MINIDOKA COUNTY, IDAHO
>
> Section 3:   That part of the SW¼SE¼, more particularly described as follows:
>
> Beginning at the South ¼ section corner of said Section 3, said corner marked by a P.K. nail; thence South 89°57'18" East along section line for 541.63 feet to a P.K. nail which shall be the POINT OF BEGINNING.
> Thence North 1°31'03" West for 158.76 feet to a ½ inch rebar;
> Thence North 1°31'03" West for 5.00 feet to the centerline of an irrigation ditch;
> Thence South 84°06'22" East along said ditch centerline and its extended centerline for 297.54 feet to a ½ inch rebar;
> Thence South 0°02'42" West for 133.38 feet to a P.K. nail on section line;
> Thence 89°57'18" West along section line for 291.53 feet to the POINT OF BEGINNING.

2. On or about October 19, 2011, Spevak and Debtors entered into a Lease of the real property, a copy of which is attached as Exhibit A.

3. Pursuant to the terms of the Lease, paragraph 4, Debtors were required to make monthly payments through escrow.

4. Pursuant to the terms of the Lease, paragraph 7, if Debtors failed to pay the rent when due, Spevak had the option of charging a late fee of Seventy-five Dollars ($75.00) if the rent was paid more than ten (10) days late and an additional late fee of Twenty Dollars ($20.00) per day for each additional day the rent is unpaid.

5. Pursuant to paragraph 14 of the Lease, the filing of a bankruptcy petition is a breach of the

MOTION FOR RELIEF FROM STAY AND NOTICE - Page 2

Lease and unless waived by Spevak, terminates the Lease. Spevak has not waived the breach.

6. Further, pursuant to the terms of the Lease, paragraph 20, if Debtors fail to pay rent when due, Spevak had the right to provide a fifteen (15) day notice of default to Debtors.

7. Idaho Code § 6-303(2) provides that Debtors commited an unlawful detainer when they continued in possession without permission of the landlord after default in the payment of rent pursuant to the lease or agreement under which the property is held and three (3) days notice, in writing, requiring its payment, stating the amount which is due, or possession of the property, is served upon the tenant.

8. As a result of Debtors' defaults in the payment of rent, a Notice of Default was served upon the Debtors on or about April 11, 2018. A copy of the Notice of Default and Affidavit of Service of the Notice are attached as Exhibit B.

9. Debtors failed to cure the defaults set forth in the Notice within fifteen (15) days from the service of notice and Debtors' lease with Spevak terminated on April 26, 2018.

10. Following the termination of the Lease, Debtors failed and refused to remove themselves and their personal property from the real property and as a result, a Complaint seeking eviction and damages was filed in Minidoka County, Idaho, as copy of which is attached is Exhibit C.

11. Debtors' filings in this action indicate that the Debtors have no interest in any real estate. Rather, the Debtors in an Addendum to their plan claim that they still have an option to purchase the property as described in the Lease. However, the Addendum does not state that Debtors will exercise that right. Rather the Addendum states that they intend on assigning the right to a relative and that after the relative exercises the option to purchase, the Debtors will lease the property from the relative. A

MOTION FOR RELIEF FROM STAY AND NOTICE - Page 3

copy of the Addendum is attached as Exhibit D.

12. Debtors have not been paying rent for their occupancy of the real property and late charges continue to accrue.

13. If the Debtors believe that the Lease is still in force, the Debtors have not provided adequate protection to Spevak and Spevak's interest in the real property continues to deteriorate in value.

14. The Debtors have no ownership interest or any equity in the real property.

15. The real property is not necessary to an effective reorganization.

WHEREFORE, Spevak requests the following relief:

1. For an Order terminating the automatic stay under Bankruptcy Code § 362(d)(1) in order to allow Spevak to go forward with the litigation in Minidoka County seeking to evict the Debtors and their personal property from the real property; Spevak acknowledges that the automatic stay shall remain in place as to Spevak's claims for damages.

2. For such other and relief as is proper.

DATED this 2nd day of August, 2018.

FLETCHER LAW OFFICE

_____
W. Kent Fletcher
Attorney for Scott Spevak
P.O. Box 248
Burley, Idaho 83318-0248

## NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY

NOTICE IS HEREBY GIVEN that W. Kent Fletcher on behalf of Scott Spevak has filed a motion with this Court for an Order granting its relief from the automatic stay.

Please take notice that pursuant to Local Bankruptcy Rule 4001.2 and subject to Fed. Bankr R. 9006, any party in interest opposing the Motion must file and serve an objection to the motion **not later than seventeen (17) days after the date of service of this motion.** The objection must specifically identify those matters contained in the Motion that are at issue and any other basis for opposition to the motion. **Absent the filing of a timely objection, the Court may grant the relief without a hearing.**
In addition, as required by Local Bankruptcy Rule 4001.2(d)(3), if an objection is filed to this motion, the objection must be served upon the movant and upon all parties receiving service of the motion. In accordance with Local Bankruptcy Rule 4001.2(e)(1), any party opposing a motion for stay relief must contact the Court's calendar clerk to schedule a preliminary hearing. At the time of filing the objection to a motion, the objecting party shall file and serve a notice of such hearing.

In addition, pursuant to Local Bankruptcy rule 4001.2(g) and 11 U.S.C. § 362(e), 30 days after a request under 11 U.S.C. § 362(d) for relief from the stay of any act against property of the estate under 11 U.S.C. § 362(a), such stay is terminated with respect to the party in interest making such request, unless the Court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

DATED this 2nd day of August, 2018.

FLETCHER LAW OFFICE

_____
W. Kent Fletcher

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2018, the foregoing **MOTION FOR RELIEF FROM STAY AND NOTICE** was electronically filed with the Clerk of the Court using CM/ECF system, which sent a Notice of Electronic Filing to the following person(s):

    Alexandra O. Caval
    Caval Law Office, P.C.
    alex@cavallawoffice.com
    Attorney for Debtors

    Kathleen A. McCallister
    kam@kam13trustee.com; kmccallister13@ecf.epiqsystems.com
    Trustee

    U.S. Trustee
    ustp.region18.bs.ecf@usdoj.gov

and all others receiving electronic notice in this case.

And, I hereby certify that the following listed non-registered CM/ECF participants were served by:

    Bruce C. Cleverley
    Cindy L. Cleverley
    162 East 300 South
    Rupert, Idaho 83350

FLETCHER LAW OFFICE

_____
W. Kent Fletcher

MOTION FOR RELIEF FROM STAY AND NOTICE  - Page 6